IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEPHEN K.C.S. WONG, INDIVIDUALLY AND AS GUARDIAN/CONSERVATOR FOR BRYSON F.K. WONG, A PROTECTED PERSON, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> CROSMAN CORPORATION, ET AL., <br><br> Defendants. | Civ. No. 13-00333 JMS-BMK <br><br> FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR AN ORDER OF REMAND |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR AN ORDER OF REMAND

Before the Court is Plaintiffs' Motion for An Order of Remand (Doc. 22.) The Court heard this Motion on September 12, 2013. After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, the Court finds and recommends that this Motion be GRANTED IN PART and DENIED IN PART. Specifically, the Court recommends that this case be remanded to state court and that Plaintiffs' request for fees be denied.

## FACTUAL BACKGROUND

On June 4, 2011, Plaintiff Bryson F.K. Wong, who was sixteen years old at the time, was shot in the heart by a pellet from an air rifle manufactured by Defendant Crosman Corporation. (Complaint ¶ 11.) The rifle had been sitting on a table in his backyard. (Id. ¶ 13.) It discharged when Bryson either bumped the barrel of the rifle or bumped the table that the rifle was on. (Id. ¶ 14.) The rifle discharged without anyone pulling the trigger. (Id. ¶ 13.) As a result of the shooting, Bryson is permanently and totally disabled from permanent brain damage. (Id. ¶ 12.)

The rifle had been purchased by Bryson's older brother, Defendant Jared Wong Cabalis. (Id. ¶¶ 5, 11.) Jared purchased the rifle from Defendant Wal-Mart Stores, Inc. located in Hilo. (Id. ¶ 25.)

At the time of the shooting, Bryson lived with his siblings and his parents: Defendants Jaime Wong Cabalis and Ricky Wong Cabalis. Bryson's maternal grandparents – Plaintiffs Stephen K.C.S. Wong and Joanne S. Wong – lived next door to Bryson's family. After the shooting, Bryson's grandfather (Stephen) was appointed as guardian/conservator for Bryson. (Id. ¶ 2.)

On May 3, 2013, Bryson's grandparents (Joanne and Stephen) filed this action in state court. Stephen is suing in his individual capacity as well as in

his capacity as guardian/conservator for Bryson.  Collectively, Joanne and Stephen will be referred to as "Plaintiffs."  Plaintiffs are citizens of Hawaii for purposes of diversity jurisdiction.  Bryson's parents and brother are also citizens of Hawaii.

Plaintiffs filed suit against Crosman (the manufacturer of the rifle) and Wal-Mart (the distributor and seller of the rifle that shot Bryson).  Plaintiffs assert claims for strict liability and negligence against Crosman and Walmart.  (Id. ¶¶ 35-40, 42-45.)  Plaintiffs also assert negligence claims against Bryson's parents (Jaime and Ricky) and Bryson's brother (Jared), who are named as Defendants.  Plaintiffs assert that Bryson's parents and brother negligently failed to prevent the reasonably foreseeable injuries to Bryson.  (Id. ¶ 46.)  Plaintiffs also assert that Jaime, as owner of the property, was negligent in failing to protect Bryson from dangers on the property.  (Id.)  Plaintiffs assert that all Defendants are jointly and severally liable.

On July 3, 2013, Crosman removed this case to federal court, claiming diversity jurisdiction.  (Notice of Removal ¶ 5.)  Crosman acknowledges that complete diversity is lacking because Plaintiffs and Bryson's parents and brother, who are Defendants in this case, are all citizens of Hawaii.  However, Crosman asserts in its Notice of Removal that, "when the parties are properly aligned, there

is complete diversity of citizenship between Plaintiffs and defendants Crosman and Wal-mart." (Id.)

Plaintiffs now seek remand of this case to state court, and Bryson's parents and brother join in the Motion. Plaintiffs argue that complete diversity is lacking and the parties should not be realigned to create diversity jurisdiction. Crosman contends that Bryson's parents and brother should be realigned as Plaintiffs, which would create complete diversity between the parties.

## DISCUSSION

I.          The Court Finds and Recommends that Remand be Granted.

Crosman removed this case on the basis of diversity jurisdiction. (Notice of Removal ¶ 5.) Although the parties are not completely diverse because Plaintiffs and Bryson's parents and brother are citizens of Hawaii, Crosman argues that Bryson's parents and brother should be realigned as Plaintiffs, which would create complete diversity between the parties.

A civil action filed in state court may be removed to federal district court only if the action could have brought in the federal district court originally. 28 U.S.C. § 1441(a) and (b); Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). Federal district courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of

4

interest and costs, and there is complete diversity of citizenship. 28 U.S.C. § 1332(a)(1); Matheson, 319 F.3d at 1090. Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).

"Although the plaintiff is generally the master of his complaint, diversity jurisdiction 'cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008). The United States Supreme Court has addressed this issue:

> Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is our duty, as it is that of the lower federal courts, to "look beyond the pleadings, and arrange the parties according to their sides in the dispute." Litigation is the pursuit of practical ends, not a game of chess. Whether the necessary "collision of interest" exists, is therefore not to be determined by mechanical rules. It must be ascertained from the "principal purpose of the suit" and the "primary and controlling matter in dispute."

City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941).

The Ninth Circuit and district courts within the Ninth Circuit follow the City of Indianapolis standard for determining whether to realign parties.

> The courts, not the parties, are responsible for aligning the parties according to their interests in the litigation. If the interests of a party named as a defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as a plaintiff for jurisdictional purposes.

Dolch v. United Cal. Bank, 702 F.2d 178, 181 (9th Cir. 1983) (citing City of Indianapolis, 314 U.S. at 69); see also Continental Airlines v. Goodyear Tire & Rubber Co., 819 F.2d 1519, 1523 n.2 (9th Cir. 1987) ("the inquiry goes to the 'principal purpose of the suit,' or the 'primary and controlling matter in dispute'"); The Club at Hokuli'a, Inc. v. Am. Motorists Ins. Co., Civ. No. 10-00241 JMS-LEK, 2010 WL 3465278, at *13 (D. Haw. Sept. 3, 2010) (in deciding whether to realign parties, the court must consider "the principal purpose of suit" and the "'primary and controlling matter in dispute'"); Plumtree Software, Inc. v. Datamize, LLC, No. C 02-5693 VRW, 2003 WL 25841157, at *2 (N.D. Cal. Oct. 6, 2003) ("In the Ninth Circuit, courts follow the 'primary purpose' test; that is, courts must 'align for jurisdictional purposes those parties whose interest coincide respecting the 'primary matter in dispute.'").

In the Court's view, the principal purpose of this lawsuit is recovery of money damages for Bryson's injuries from whoever is found to be liable for his injuries. At the hearing on this Motion, counsel for both parties agreed that this is the primary purpose of the lawsuit.

Defendants contend that the primary purpose of this lawsuit also includes recovery for injuries caused to Bryson's parents and brother. Although their injuries may be substantial, the Court finds that they are secondary and ancillary to Bryson's injuries. Plumtree Software, Inc., 2003 WL 25841157, at *3 (noting that courts should align the parties "in accordance with the primary dispute in the controversy, despite the fact that there may be actual and substantial ancillary or secondary issues to the primary issue"). Recovery for injuries caused to Bryson's family is not the primary purpose of this lawsuit.

Indeed, Bryson (by and through his guardian) asserts claims against his parents and brother. He claims they are liable for negligent conduct that resulted in his injuries. At the hearing on this Motion, defense counsel agreed that Bryson's claims against his parents and brother are colorable claims. Further, Crosman and Walmart assert cross-claims against Bryson's parents and brother, claiming that Bryson's "injuries or damages were caused by [their] negligence, breach of duty, and/or other wrongful acts or omissions." (Crosman Cross-Claim ¶ 3; Walmart Cross-Claim ¶ 3.) Further, defense of Bryson's parents and brother was tendered to their homeowner's insurance carrier, and they are represented by separate counsel than Plaintiffs. (Reply at 4.) Therefore, the Court finds that the

claims asserted by Plaintiffs against Bryson's parents and brother are legitimate claims and not mere "window dressing."  (See Opp. at 17-18.)

For the foregoing reasons, the Court finds that the primary purpose of the lawsuit is recovery of damages for Bryson's injuries from whoever is found to be liable.  A "collision of interest" does not exist between Plaintiffs and Bryson's parents and brother and their interests to not "coincide" because Bryson claims they are jointly and severally liable for his damages.  City of Indianapolis, 314 U.S. at 69; Dolch, 702 F.2d at 181.  Indeed, his parents and brother may be held liable for his injuries.  Bryson's claims against his parents and brother are legitimate claims that are being defended by their homeowner's insurance carrier.  Thus, Bryson's parents and brother are properly aligned as Defendants in this case.

It is undisputed that Plaintiffs as well as Bryson's parents and brother are all citizens of Hawaii for purposes of diversity jurisdiction.  Consequently, the parties are not completely diverse, which requires that "each of the plaintiffs must be a citizen of a different state than each of the defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  Additionally, the forum defendant rule, which "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state," precludes jurisdiction over this case because Bryson's parents and brother are citizens of the forum state.

Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 939 (9th Cir. 2006). Accordingly, this Court finds that it lacks diversity jurisdiction over this case and recommends that this action be remanded to state court. See Moore-Thomas v. Ala. Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) ("The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand.").

II.         The Court Finds and Recommends that Plaintiffs' Request for Fees and Costs be Denied.

Plaintiffs seek an award of attorney's fees and costs incurred as a result of the removal, pursuant to 28 U.S.C. § 1447(c).  Section 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal."  The standard for awarding attorney's fees when remanding a case to state court "should turn on the reasonableness of the removal."  Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)) (quotations omitted).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin, 546 U.S. at 141.

In this case, Crosman removed the case under diversity jurisdiction, noting in its Notice of Removal that "when the parties are properly realigned, there is complete diversity of citizenship." (Notice of Removal ¶ 5.) Although the Court ultimately finds that realignment is not proper, Crosman presented an objectively reasonable basis for seeking removal of this case. Therefore, this Court declines to award Plaintiffs attorneys' fees and costs incurred as a result of the removal.

## CONCLUSION

For the foregoing reasons, the Court finds and recommends that Plaintiffs' Motion for An Order of Remand (Doc. 22) be GRANTED IN PART and DENIED IN PART. Specifically, the Court recommends remanding this case to state court and denying Plaintiffs' request for fees and costs.

DATED: Honolulu, Hawaii, September 12, 2013.

IT IS SO ORDERED.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Wong, et al. v. Crosman Corp., et al., Civ. No. 13-00333 JMS-BMK; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR AN ORDER OF REMAND.